Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| Consejo de Titulares del Condominio San Martín<br><br>*Peticionario*<br><br>v.<br><br>Pedro Virella Rojas y otros<br><br>*Recurridos* | TA2026CE00125 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: K CM2012-1871<br><br>Sobre: Cobro de Dinero Regla 60 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 9 de marzo de 2026.

Comparece ante nos el Consejo de Titulares del Condominio San Martín (Consejo o peticionario) mediante recurso de *Certiorari* y solicita que revoquemos la *Orden*[1] emitida y notificada el 2 de febrero de 2026 por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro recurrido). Mediante el referido dictamen, el TPI declaró *No Ha Lugar* la *Moción Solicitando Orden de Anotación de Embargo*[2] presentada por el peticionario.

Por los fundamentos que expondremos a continuación, **expedimos** el recurso de epígrafe y **revocamos** la *Orden* recurrida.

**I.**

El caso de autos tuvo su génesis el 1 de agosto de 2012 cuando el Consejo instó una *Demanda*[3] de cobro de dinero contra el señor Pedro Virella Rojas (señor Virella Rojas) y la señora Luisa Fermín (señora Fermín) (en conjunto, matrimonio Virella-Fermín o

---

[1] Apéndice págs. 54-106 del recurso de *Certiorari,* Ap. págs. 105-106.
[2] Apéndice págs. 54-106 del recurso de *Certiorari,* Ap. págs. 58-59.
[3] Apéndice págs. 1-53 del recurso de *Certiorari*, Ap. págs. 1-3.

recurridos). Culminado el proceso judicial, el 24 de octubre de 2012[4], el foro recurrido emitió una *Sentencia*[5] en rebeldía en la cual declaró *Ha Lugar* la *Demanda* presentada por el peticionario.

El 23 de enero de 2013, el Consejo presentó una *Moción en Solicitud de Orden de Embargo en Ejecución de Sentencia y Sometiendo Proyectos de Orden y Mandamiento*[6]. Mediante el referido escrito, el peticionario solicitó al TPI la ejecución de la *Sentencia* del 24 de octubre de 2012, a través del embargo de los bienes inmuebles y su venta en pública subasta.

El 16 de abril de 2013[7], el TPI emitió una *Orden Sobre Ejecución de Sentencia*[8] en la que declaró *Ha Lugar* la solicitud del peticionario. Posteriormente, el 26 de abril de 2013, se emitió el correspondiente *Mandamiento para la Ejecución de la Sentencia*[9].

El 22 de octubre de 2013, el Consejo presentó un escrito intitulado *Moción en Solicitud de Orden de Embargo*[10]. En ésta, solicitó la expedición de una orden dirigida al Registro de la Propiedad para la anotación del embargo como gravamen sobre el inmueble de los recurridos. El 1 de noviembre de 2013[11], el TPI declaró *Ha Lugar* la solicitud y emitió la correspondiente *Orden de Embargo*[12] en la que ordenó al Registrador de la Propiedad, Sección Primera de San Juan, a anotar el embargo sobre la propiedad inmueble.

Tras varios incidentes procesales, innecesarios pormenorizar, y por no haberse concretizado el embargo ni la venta en pública subasta, el 14 de octubre de 2025, el Consejo presentó *Moción*

---

[4] Notificada el 29 de octubre de 2012.
[5] Apéndice págs. 1-53 del recurso de *Certiorari*, Ap. págs. 5-6.
[6] Apéndice págs. 1-53 del recurso de *Certiorari*, Ap. págs. 8-9.
[7] Notificada el 18 de abril de 2013.
[8] Apéndice págs. 1-53 del recurso de *Certiorari*, Ap. pág. 11.
[9] Apéndice págs. 1-53 del recurso de *Certiorari*, Ap. págs. 15-16.
[10] Apéndice págs. 1-53 del recurso de *Certiorari*, Ap. págs. 17-18.
[11] Notificada el 7 de noviembre de 2013.
[12] Apéndice págs. 1-53 del recurso de *Certiorari*, Ap. pág. 20.

*Solicitando Continuación de Ejecución de Sentencia*[13] y *Moción Solicitando Orden de Anotación de Embargo*[14]. En el petitorio, el peticionario arguyó que el matrimonio Virella-Fermín no había cumplido con la *Sentencia* final y firme notificada el 29 de octubre de 2012. Así, solicitó permiso del tribunal al amparo de la Regla 51.1 de las de Procedimiento Civil[15], para la ejecución.

Evaluada la *Moción Solicitando Continuación de Ejecución de Sentencia*, el 12 de diciembre de 2025[16], el TPI emitió una *Orden*[17] en la cual determinó lo siguiente: "NO HA LUGAR. SE EXCEDI[Ó] POR AÑOS DEL T[É]RMINO ESTABLECIDO EN LA REGLA 51.1 DE PROCEDIMIENTO CIVIL". Inconforme con la determinación, el 14 de enero de 2026, el Consejo presentó ante este foro intermedio un recurso de *Certiorari*. No obstante, el 20 de enero de 2026, un panel hermano emitió y notificó una *Resolución*[18] y le ordenó al peticionario que proveyera la copia de la notificación original de la cual recurría, toda vez que incluyó con la petición de *Certiorari* la notificación enmendada.

En cumplimiento con lo anterior, el 21 de enero de 2026, el Consejo sometió *Moción en Cumplimiento de Resolución*[19] y anejó la notificación original emitida por el TPI el 12 de diciembre de 2025[20]. Así pues, el 26 de enero de 2026, este foro emitió y notificó una *Resolución*[21], en la cual desestimó el recurso solicitado por falta de jurisdicción. Esto, debido a su presentación prematura, toda vez que, la *Orden* emitida por el TPI de la cual el peticionario recurría no se le notificó al matrimonio Virella-Fermín.

---

[13] Apéndice págs. 1-53 del recurso de *Certiorari*, Ap. págs. 36-41.
[14] Apéndice págs. 54-106 del recurso de *Certiorari*, Ap. págs. 58-59.
[15] 32 LPRA Ap. V, R.51.1
[16] Notificada el 15 de diciembre de 2025.
[17] Apéndice págs. 54-106 del recurso de *Certiorari*, Ap. págs. 64-65.
[18] Apéndice págs. 54-106 del recurso de *Certiorari*, Ap. pág. 73.
[19] Apéndice págs. 54-106 del recurso de *Certiorari*, Ap. págs. 74-76.
[20] Notificada el 15 de diciembre de 2025.
[21] Apéndice págs. 54-106 del recurso de *Certiorari*, Ap. págs. 79-87.

Es por lo anterior que, el 27 de enero de 2026, el Consejo presentó ante el foro recurrido una *Moción Solicitando Notificación de Orden a Parte Demandada*[22]. En la misma, solicitó al TPI que notificara al matrimonio Virella-Fermín la *Orden* emitida el 12 de diciembre de 2025. Al día siguiente, el peticionario presentó una *Moción Informativa*[23] en la cual hizo constar que por inadvertencia en la *Moción Solicitando Notificación de Orden a Parte Demandada* no incluyó la certificación de que se le había enviado copia fiel y exacta de ésta, a la última dirección conocida del matrimonio Virella-Fermín.

El 30 de enero de 2026[24], el foro recurrido emitió una *Orden*[25] en la cual declaró *Ha Lugar* la *Moción Solicitando Notificación de Orden a Parte Demandada*. En igual fecha, emitió otra *Orden*[26] en la que expresó "enterado" respecto a la *Moción Informativa* presentada por el peticionario. Sin embargo, el 2 de febrero de 2026, el foro recurrido emitió y notificó una *Orden*[27] respecto a la *Moción Solicitando Continuación de Ejecución de Sentencia* y declaró *No Ha Lugar* la misma por excederse del término establecido en la Regla 51.1 de las de Procedimiento Civil.

Insatisfecho, el 3 de febrero de 2026, el Consejo acudió ante este foro intermedio y le imputó al TPI el siguiente señalamiento de error:

> ERRÓ EL TPI AL DENEGAR LA MOCIÓN SOLICITANDO CONTINUACIÓN DE EJECUCIÓN DE SENTENCIA BAJO EL ÚNICO FUNDAMENTO QUE TRANSCURRIÓ EL TÉRMINO ESTABLECIDO EN LA R. 51.1 DE PROCEDIMIENTO CIVIL, AÚN CUANDO LA PROPIA REGLA 51.1 Y LA JURISPRUDENCIA INTERPRETATIVA PERMITEN QUE SE AUTORICE LA EJECUCIÓN DE SENTENCIA LUEGO DE TRANSCURRIR LOS 5 AÑOS.

---

[22] Apéndice págs. 54-106 del recurso de *Certiorari*, Ap. págs. 88-89.
[23] Apéndice págs. 54-106 del recurso de *Certiorari*, Ap. págs. 99-100.
[24] Notificada el 2 de febrero de 2026.
[25] Apéndice págs. 54-106 del recurso de *Certiorari*, Ap. pág. 102.
[26] Apéndice págs. 54-106 del recurso de *Certiorari*, Ap. págs. 103-104.
[27] Apéndice págs. 54-106 del recurso de *Certiorari*, Ap. págs. 105-106.

El 11 de febrero de 2026[28], emitimos una *Resolución* concediéndole a los recurridos hasta el 20 de febrero de 2026 para que se expresaran en cuanto al recurso presentado.

Transcurrido en exceso dicho término, sin que el matrimonio Virella-Fermín se expresara, damos por perfeccionado el recurso ante nuestra consideración y procedemos a resolver sin el beneficio de su comparecencia.

**II.**

**-A-**

El auto de *certiorari* es un recurso procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos en el ámbito de la Regla 52.1 de Procedimiento Civil[29] y conforme a los criterios que dispone la Regla 40 del Reglamento del Tribunal de Apelaciones[30]. Nuestro ordenamiento judicial ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto[31]. Esta norma de deferencia también aplica a las decisiones discrecionales de los tribunales de instancia. En cuanto a este particular, el Tribunal Supremo de Puerto Rico ha expresado lo siguiente:

> No hemos de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo[32].

En ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del

---

[28] Notificada el 12 de febrero de 2026.
[29] 32 LPRA Ap. V, R. 52.1.
[30] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 63, 215 DPR __ (2025).
[31] *Coop. Seguros Múltiples de P.R. v. Lugo*, 136 DPR 203, 208 (1994).
[32] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

Tribunal de Primera Instancia[33]. No obstante, la Regla 52.1 de Procedimiento Civil, *supra*, faculta nuestra intervención en situaciones determinadas por la norma procesal. En específico establece que:

> [...] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión[34].
> [...]

En armonía con lo anterior, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, para dirigir la activación de nuestra jurisdicción discrecional en estos recursos dispone que para expedir un auto de *certiorari*, este Tribunal debe tomar en consideración los siguientes criterios:

> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se encuentra el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

---

[33] *García v. Padró*, 165 DPR 324, 334-335 (2005*); Zorniak Air Servs. v. Cessna Aircraft Co.,* 132 DPR 170, 180 (1992).
[34] 32 LPRA Ap. V, R. 52.1.

Por lo tanto, un *certiorari* solo habrá de expedirse si al menos uno de estos criterios aconseja la revisión del dictamen recurrido. Es decir, el ordenamiento impone que ejerzamos nuestra discreción y evaluemos si, a la luz de alguno de los criterios contenidos en la misma, se requiere nuestra intervención.

**-B-**

La Regla 51 de las de Procedimiento Civil, regula el procedimiento de ejecución de sentencia. En lo pertinente, la Regla 51.1 del referido estatuto, *supra,* establece que:

> [l]**a parte a cuyo favor se dicte sentencia podrá ejecutarla mediante el procedimiento fijado en esta Regla 51, en cualquier tiempo dentro de cinco (5) años de ésta ser firme. <u>Expirado dicho término, la sentencia podrá ejecutarse mediante una autorización del tribunal, a moción de parte y previa notificación a todas las partes.</u>** Si después de registrada la sentencia se suspende su ejecución por una orden o sentencia del tribunal, o por efecto de ley, el tiempo durante el cual ha sido suspendida dicha ejecución deberá excluirse del cómputo de los cinco (5) años durante los cuales podrá expedirse el mandamiento de ejecución.

Este procedimiento le imprime continuidad a todo proceso judicial que culmina con una sentencia, y es necesario utilizarlo cuando la parte obligada incumple con los términos de la sentencia[35].

Conforme a la precitada regla, la parte a cuyo favor se dictó una sentencia podrá ejecutarla en cualquier momento dentro de los cinco (5) años de haber advenido final y firme. Sin embargo, transcurrido ese periodo, procede su ejecución únicamente con la autorización del tribunal y luego de que se notifique la solicitud a la parte contraria para que esta pueda expresarse al respecto[36]. El propósito de la notificación es que la parte afectada por una sentencia, luego de transcurrido un tiempo considerable de que ésta haya advenido firme, tenga la oportunidad de expresarse por escrito al respecto en caso de que tenga

---

[35] *Mun. de San Juan v. Prof. Research*, 171 DPR 219, 248 (2007) citando a R. Hernández Colón, *Práctica jurídica de Puerto Rico; derecho procesal civil*, San Juan, Ed. Michie de PR, 1997, Cap. 63, pág. 453.
[36] *Mun. de San Juan v. Prof. Research*, supra*,* pág. 248.

alguna defensa que anteponer a tal gestión[37]. Además, para que el tribunal quede plenamente convencido, conforme a las constancias del expediente judicial, de que la sentencia no ha sido satisfecha y no existe alguna razón que impida su ejecución[38].

Ahora bien, el tratadista José Cuevas Segarra advierte que, aunque la Regla 51.1 de Procedimiento Civil, *supra*, es de carácter procesal, deben tenerse presente los términos prescritos para el cumplimiento de las obligaciones a los fines de determinar por cuánto tiempo el tribunal retiene autoridad para permitir la ejecución de una sentencia expirado el término de cinco años[39]. Dicho lo anterior, cabe precisar que el término prescriptivo de las acciones hipotecarias es de 20 años y las personales que no tengan señalado término especial de prescripción, como las de cobro de dinero, es de 15 años[40]. Estos términos comienzan a transcurrir a partir de la fecha en que la sentencia advino final y firme[41].

### III.

Antes de atender la controversia que nos ocupa, debemos puntualizar que, en el presente recurso, se recurre de una orden relacionada a un asunto post-sentencia, la cual no se encuentra comprendida entre aquellas determinaciones de naturaleza interlocutoria evaluadas al amparo de la Regla 52.1 de las de Procedimiento Civil, *supra*.

Esbozado lo anterior, debemos evaluar si debemos ejercer nuestra facultad discrecional al amparo de los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, *supra*. Así pues, tras examinar el expediente ante nuestra consideración y a la luz de los

---

[37] *Banco Terr. y Agricola de Puerto Rico v. Marcial*, 44 DPR 129, 132 (1932).
[38] *Íd.*
[39] J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., San Juan, Pubs. J.T.S., 2011, T. IV, pág. 1431.
[40] Art. 1864 del Código Civil, 31 LPRA sec. ant. 5294. La Ley Núm. 55-2020, mejor conocida como el "Código Civil de Puerto Rico de 2020" derogó el Código Civil de Puerto Rico de 1930. Sin embargo, para propósitos de la adjudicación de esta controversia estaremos citando el Código Civil de 1930, el cual estaba vigente en el momento en que se presentó la *Demanda* del caso de autos.
[41] Art. 1871 del Código Civil, 31 LPRA sec. ant. 5301.

criterios de la Regla 40 del Tribunal de Apelaciones, *supra*, determinamos expedir el auto solicitado y revocar el dictamen recurrido. Veamos.

En el caso de marras, el foro recurrido fundamentó su determinación de no permitir la ejecución de la sentencia por no haber presentado una solicitud de ejecución de sentencia dentro de los cinco (5) años que dispone la Regla 51.1 de las de Procedimiento Civil, *supra*.

Así las cosas, el 14 de octubre de 2025, alrededor de trece (13) años desde que la *Sentencia* advino final y firme, el peticionario presentó una *Moción Solicitando Continuación de Ejecución de Sentencia.* En la misma, adujo que la deuda era líquida y exigible, y que no había sido satisfecha por el matrimonio Virella-Fermín. Además, anejó una *Declaración Jurada*[42] la cual acredita la suma adeudada y el incumplimiento de los recurridos con el pago de la deuda. No obstante, como adelantamos, el TPI denegó el petitorio por no cumplir con el término dispuesto en la Regla 51.1 de las de Procedimiento Civil, *supra*.

Esbozado lo antes expuesto, resulta evidente que el Consejo presentó su solicitud de ejecución de sentencia aproximadamente trece (13) años luego de que el TPI dictara *Sentencia.* Sin embargo, colegimos que lo único que exige el derecho es que el acreedor presente una moción solicitándole autorización al Tribunal para ejecutar la sentencia y que esta se les notifique a las partes cuando haya transcurrido el término de cinco (5) años para solicitar la ejecución de la sentencia[43]. Es decir, ni la Regla 51.1 de las de Procedimiento Civil, *supra*, ni su jurisprudencia interpretativa exigen que la parte acreedora muestre justa causa para ejecutar una

---

[42] Apéndice págs. 54-106 del recurso de *Certiorari*, Ap. págs. 56-57.
[43] Regla 51.1 de las de Procedimiento Civil, *supra.*

sentencia luego de haber transcurrido cinco (5) años de haber advenido final y firme.

Evaluado el expediente ante nuestra consideración, colegimos que el Consejo cumplió con las exigencias de la Regla 51.1 de las de Procedimiento Civil, *supra*. Esto, debido a que presentó una moción solicitándole la autorización al Tribunal para ejecutar la sentencia y le notificó a los recurridos dicha solicitud. Además, el peticionario fue diligente al presentar evidencia documental de las gestiones realizadas para el cobro de la deuda objeto de controversia[44] y en ningún momento el matrimonio Virella-Fermín se opuso a la solicitud de ejecución de sentencia.

Recordemos que el propósito de la solicitud de autorización del tribunal para la ejecución de una sentencia que dispone la Regla 51.1 de las de Procedimiento Civil, *supra*, es que este quede plenamente convencido de que la sentencia no ha sido satisfecha y que no existe alguna razón que impida su ejecución. Tras un análisis detenido del expediente, no existe duda de que la sentencia no ha sido satisfecha y tampoco existe una razón que impida su ejecución. De igual forma, siendo este caso uno de cobro de dinero, es aplicable el término de quince (15) años que dispone nuestro ordenamiento jurídico para que un acreedor ejerza su acción de ejecución de sentencia por cobro de dinero. Por las razones antes expuestas, el foro recurrido incidió en su determinación, por lo tanto, le ordenamos a que permita la ejecución de sentencia solicitada por el Consejo.

---

[44] Véase, Apéndice págs. 1-53 del recurso de *Certiorari*, Ap. págs. 51-53 y Apéndice págs. 54-106 del recurso de *Certiorari*, Ap. págs. 56-57.

**IV.**

Por los fundamentos antes expuestos, ***expedimos*** el recurso de epígrafe y ***revocamos*** la *Orden* recurrida. Por ende, ordenamos la continuación de los procedimientos conforme con lo aquí resuelto.

Notifíquese.

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones
